MICHAEL A. FARBSTEIN (CASB#107030)
RAMSEY F. KAWAR (CASB#213497)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California 94402-3518
Telephone: (650) 554-6200
Facsimile: (650) 554-6240
Email: maf@farbstein.com
Email: rfk@farbstein.com

JACQUELINE C. CRUTCHER (LSBA# 32836)
NIELSEN & TREAS, L.L.C.
3838 North Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Phone: 504-837-2500
Fax: 504-832-9165
Email: jcrutcher@nt-lawfirm.com

Attorneys for Defendant
FIRE INSURANCE EXCHANGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT INSALACO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FIRE INSURANCE EXCHANGE, a California Corporation,<br><br>　　　　Defendant. | CASE NO. 4:20-cv-00664<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>(Contra Costa County Superior Court Case No. C19-02687) |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, come Defendant, Fire Insurance Exchange ("FIE"), in its capacity as a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the

1

"fiscal agent of the United States",[3] at the expense of the United States,[4] and submit that Plaintiff's lawsuit may only be addressed in this federal court, because Plaintiff has succinctly placed at issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under authority of the Congress pursuant to 42 U.S.C. §4013(a). Defendant therefore file this Notice of Removal removing this matter from the Superior Court of the State of California, County of Contra Costa, to the docket of this Honorable Court, and in that respect, Defendant would respectfully show as follows:

I.

1. On December 30, 2019, Plaintiff, Robert Insalaco ("Plaintiff"), filed a lawsuit entitled "*Robert Insalaco v. Fire Insurance Exchange,*" in the Superior Court of the State of California, County of Contra Costa, bearing Docket No. C19-02687. *See* Exhibit A attached hereto, a copy of Plaintiff's lawsuit and all pleadings served on Fire Insurance Exchange to date.

2. Defendants hereby remove this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Articles VII(R) and Article IX, 28 U.S.C. §1331, 28 U.S.C. §1337, 28 U.S.C. §1367 and 28 U.S.C. §1441(c).

II.

A. **REVIEW OF THE PLAINTIFF'S ORIGINAL PETITION**

3. At paragraphs 1 of Plaintiff's Complaint for Conversion and Declaratory Relief, Plaintiff alleges that he is a resident of Contra County, California.

4. At paragraph 7, Plaintiff alleges that on February 16-20, 2017, the property was destroyed as a result of a flood ("the flood loss").

5. At paragraph 8, Plaintiff alleges that prior to February 16, 2017 FIE caused to be issued a renewal of flood insurance policy number 8704596395-2016, which was in force and provided coverage for the flood loss.

6. At paragraph 9, Plaintiff alleges that on or about July 11, 2017 FIE issued its check for $250,000 made payable to Plaintiff and Ocwen Loan Servicing. .

7. At paragraph 11, Plaintiff alleges that on or about January 26, 2018 FIE issued a

2

replacement check made payable to Plaintiff and Ocwen Loan Servicing.

8. At paragraph 13, Plaintiff alleges that on or about July 24, 2018 FIE issued a replacement check made payable to Plaintiff and Ocwen Loan Servicing.

9. At paragraph 15, Plaintiff alleges that FIE failed and/or refused to respond to requests to reissue the $250,000 check and has retained care, custody and control of the insurance funds.

10. At paragraphs 17, Plaintiff alleges that when FIE was made aware that there were issues with respect to the flood insurance proceeds, FIE had a duty to investigate why the check was not being cashed.

11. At paragraph 18, Plaintiff alleges that FIE wrongfully exerted dominion and control over the flood insurance proceeds and retained said funds and ceased communication with Plaintiff.

12. At paragraphs 20, Plaintiff alleges that FIE's refusal to re-issue its check has precluded its right to recover attorney fees should it interplead the funds and has resulted in damage to Plaintiff.

13. At paragraph 21, Plaintiff alleges that FIE's refusal to re-issue its check or interplead the funds has prevented Plaintiff from mitigating potential damage to others.

14. At paragraph 23, Plaintiff alleges that Defendant owes him damages arising out of FIE's failure to interplead the flood insurance funds and FIE's refusal to communicate with Plaintiff.

15. At paragraphs 28, Plaintiff seeks a judicial determination and declaration of each party's respective rights and duties according to all of the obligations created by the relationships alleged therein, and seeks a series of judicial determinations so that Plaintiff is made whole.

16. In the prayer section of the Complaint, Plaintiff ask for the entry of judgment against Defendants, and seeks general damages, a declaration of the rights, duties and obligations of all parties to each other, emotional distress, cost of suit, prejudgment interest, punitive damages against FIE, equitable relief against FIE, attorneys' fees and any other and further relief as the court deems just and proper.

//

//

### B. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

17. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.

18. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See,* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under §4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the SFIP codified at 44 C.F.R. Pt. 61, App. A(1).

19. Pursuant to Congressional authorization found at 42 U.S.C. §4071(a)(1), FEMA uses "Write-Your-Own" companies like Fire Insurance Exchange to aid it in its statutory duty to administer the National Flood Insurance Program. *See also,* 42 U.S.C. §4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. §62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

20. FIE, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA.[1] The flood policy referenced is a Dwelling Form SFIP codified and found at 44 C.F.R. Pt. 61, App. A(1), a copy of which is attached as Exhibit B.

21. FIE cannot waive, alter or amend any of the provisions of the SFIP. *See,* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

22. The payments that Plaintiff seeks in this lawsuit constitute a direct charge on the public treasury, and would be binding upon the federal government. *See, Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998). Further, there is a presumption that federal funds

---

[1] The Arrangement can be found at https://www.fema.gov/media-library/assets/documents/17972.

4

are at risk in NFIP litigation, including the sale and administration of flood policies. *See, Grissom v. Liberty Mut. Fire Ins. Co.,* 678 F.3d 397, 402 (5th Cir. 2012).

23.  The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers participating in the National Flood Insurance Program are all governed by federal law, not state law. *See, West v. Harris,* 573 F.2d 873 (5th, Cir. 1978), *cert. denied* 440 U.S. 946, 99 S.Ct. 1424) (1979), wherein the Fifth Circuit Court of Appeals stated the following:

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

573 F.2d at 881.

24.  Based upon the foregoing, it is clear that the NFIP, the SFIP and WYO Program carriers participating in the NFIP, such as Fire Insurance Exchange, are all governed by federal law, not state law.

## C.  FEDERAL JURISDICTION

### (1) 42 U.S.C. §4072 - Original Exclusive Jurisdiction

25.  42 U.S.C. §4072, conveys "original exclusive" jurisdiction over claims involving claims handling and administration of the SFIP. This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort, or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

### (2)  28 U.S.C. §1331 - Federal Question Jurisdiction

26.  Fire Insurance Exchange contends that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal

5

common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. (Exhibit B) Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331. *See, Construction Funding, L.L.C. v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed.Appx. 207, 209 (5th Cir. 2016); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

27. In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations, statutes and the FEMA Flood Manual governing the SFIP, including the issuance of insurance funds. Regardless of the source of funding for Plaintiff's alleged actual damages, the Court will have to interpret the SFIP and NFIP rules, regulations and FEMA written guidance to determine whether the damages alleged fall within coverage of the SFIP – a federal regulation. Federal common law governs such interpretation, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). As the SFIP is a federal law, and the NFIP rules are promulgated by FEMA – the federal agency charged by the Congress with administering the NFIP, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP, would require the interpretation of a federal law which presents a federal question.

28. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), FIE asserts that there are multiple federal questions presented within the Plaintiff's Complaint for Conversion and Declaratory Relief, thereby making the action removable pursuant to 28 U.S.C. §1331.

(3) **Federal Jurisdiction under 28 U.S.C. §1337**

29. Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program. *See, C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386

6

F.3d 263, 267 FN3 (3rd Cir. 2004). Under §1337, removal is proper where the facts alleged in the Plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleadings. *See, Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

### D. THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

30. To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

### E. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

30. Defendant, FIE notes that its first knowledge or notice of the suit was on or about December 31, 2019. This Notice of Removal was filed on January 29, 2020. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

31. The property is located at 71 Avenida Martinez, El Sobrante, California. *See* Complaint, ¶2. Thus, venue is proper in this Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R), as the property is located within the jurisdictional territory of this Court.

32. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on the Defendants to date.

//
//
//
//

7

# CONCLUSION

WHEREFORE, Defendant, Fire Insurance Exchange, prays that this Notice of Removal be deemed good and sufficient, and that this matter be accepted onto this Court's docket.

Respectfully submitted,

DATED: January 29, 2020.

FARBSTEIN & BLACKMAN
A Professional Corporation

By: /s/ Ramsey F. Kawar
―――――――――――――――――――
MICHAEL A. FARBSTEIN (Cal. SBN 107030)
RAMSEY F. KAWAR (Cal. SBN 213497)
**ATTORNEYS FOR DEFENDANT FIRE INSURANCE EXCHANGE**

8

**DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
CASE NO. 4:20-cv-00664**